UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00044-FL

| | |
|---|---|
| LARRY LAMB, ET AL. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BLAKE WALLACE, ET AL. | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO QUASH

Plaintiffs' Response in Opposition to United States' Motion to Quash Subpoenas [D.E. 87] is unavailing because Plaintiffs do not demonstrate that the United States was arbitrary and capricious in its decision to seek to quash the subpoenas [D.E. 72, 74].

Plaintiffs filed a response in opposition to the United States' Motion to Quash subpoenas [D.E. 87] on August 25, 2017. On September 21, 2017, the United States Attorney, on behalf of himself and on behalf of the FBI has submitted a letter via e-mail to Plaintiffs' counsel informing her of the formal decision to decline to comply with the subpoenas issued on May 10, 2017. [D.E. 74-1, 74-2]. The reason for the declination is that doing so would disclose the identity of a confidential source, and this is prohibited by regulations. See 28 C.F.R. §§ 16.22(a), 16.24(a) & (b), and 16.26(b)(4).

I. **DENIAL OF PLAINTIFFS' SUBPOENAS WERE ON THE BASIS OF DUE CONSIDERATION OF AND COMPLIANCE WITH DULY PROMULGATED AGENCY REGULATIONS REVIEWABLE ON THE MERITS ONLY BY A SEPARATE APA ACTION**

Plaintiffs filed a response in opposition to United States' motion to quash subpoenas on August 25, 2017. [D.E. 87]. In its motion to quash [D.E. 72, 74], the United States, on behalf of the FBI, in consultation with the United States Attorney, determined that there were prohibitive factors in consideration "to which disclosure will not be made by any Department official." 28 C.F.R. § 16.26(b). In consideration of these exemptive factors, the FBI objected to release of the demanded information, disclosure of which "would reveal a confidential source or information. . . ." § 16.26(b)(4). After further consideration of the arguments advanced in Plaintiffs' response for the relevance of the information Plaintiffs are seeking in its subpoenas [D.E. 87 at 11-13], the United States has issued a formal declination September 21, 2017. See 5 U.S.C. § 704. "[W]hen the United States is not a party to the underlying action, an agency's refusal to comply with a subpoena must be reviewed under the standards established for final agency actions by the [APA]." COMSAT Corp. v. National Science Foundation, 190 F.3d 269, 271 (4th Cir. 1999).

Plaintiffs argue in their response that the Court may apply the APA, 5 U.S.C. § 702, directly to a review of the agency's final

2

action under the governing Touhy regulations. While the APA waives sovereign immunity for the limited purpose of judicial review of an agency's final action in the federal courts, nothing in the APA, or Fourth Circuit case law specifies that the review may take place in federal court in which the United States is not a party to the litigation as is the case here.[1] While the Fourth Circuit Court of Appeals has not expressly ruled whether a moving party, seeking to obtain judicial review of agency final action, must file a separate APA action where the United States is not a party, the Fourth Circuit has ruled this to be the case for litigation originating in state court. Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989)(holding that the doctrine of sovereign immunity precluded the state court—and the federal court on removal—from exercising jurisdiction to compel a witness to testify contrary to agency regulations and also denied the authority to review and set aside the agency's decision and the federal regulations under which was made). The Federal Court acquires jurisdiction narrowly, to decide the issues before it, derivatively from the state court under the Federal removal statute. Id. Thus, there is no original

---

[1] The Department of Justice's "Touhy" regulations provide that final agency action can only be taken by a high-ranking member of the Department of Justice, including the Attorney General or the Deputy Attorney General. Thus, review under the APA is premature at this point. At this stage of the proceedings, such an official has not yet reviewed the substance of the case, because the regulations are clear that disclosure of a confidential informant cannot be made in the first instance unless the DOJ component (in this case the FBI) agrees (which it does not). Thus, a consideration of whether such a decision was arbitrary and capricious is premature.

3

jurisdiction to review agency action that the state court did not have. Id. Accordingly, the Federal Court does not have the jurisdiction to review the merits of the Agency's decision under the applicable Touhy regulations upon removal from state court. Id. However, the moving party "is not without recourse" if dissatisfied with an agency decision in response to subpoenas. United States v. Williams, 170 F.3d 431, 434 (4th Cir. 1999). The moving party may file a separate APA action for judicial review. Id. The case is no different when the underlying action originates in Federal court when the United States is not a party to the litigation because the privilege of sovereign immunity still applies to the United States' consent to be sued when an agency action goes against a party. COMSAT Corp., 190 F.3d at 277 ("[S]ubpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign.")(citing Boron Oil, 873 F.2d at 71). The requirements of "turning square corners" in dealing with the Government's limited waiver of sovereign immunity under the APA still apply, the Second Circuit opinion to the contrary notwithstanding. See Rock Island A & L.R. Co. v. United States, 254 U.S. 141, 143 (1920)("Men must turn square corners when they deal with the Government."); United States Environmental Protection Agency v. General Electric Co., 197 F.3d 592 (2d Cir. 1999)(holding that a party seeking to enforce a subpoena duces

4

tecum against a nonparty federal agency need not initiate a collateral action). Although the Fourth Circuit has not directly ruled whether a separate action must be brought under the APA, the Ninth Circuit has ruled that a separate action *is* required. See Exxon Shipping Co. v. United States Dep't of Interior, 34 F.3d 774 (9th Cir. 1994).

Accordingly, the United States' motion to quash subpoenas should be granted.

**II. REFUSAL TO COMPLY WITH PLAINTIFFS' SUBPOENAS WAS NOT ARBITRARY AND CAPRICIOUS BECAUSE IT WAS BASED UPON DUE CONSIDERATION OF APPLICABLE DEPARTMENT OF JUSTICE REGULATIONS.**

In the event the Court decides to undertake a limited review of the United States' action on whether it has complied with its own regulations, the Court should find that the United States Attorney's and the FBI's decision was based upon due consideration of the governing agency regulations and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[2]. See Williams, 170 F.3d at 434, citing 5 U.S.C. § 706(1); 28 C.F.R. §§ 16.22(a), 16.24(a) & (b), and 16.26(b)(4). An agency's decision is arbitrary and capricious "if the agency has

---

[2] In Williams, 170 F.3d at 434 n.4, the United States conceded (and the court acknowledged, without deciding) that the United States Attorney's decision was "final agency action" for purpose of APA review. However, in that case, the requesting party had utterly failed to comply with the Touhy regulations, so the United States Attorney's decision was, in essence, the final agency action. However, when a requesting party has complied with the Touhy regulations (as in the case at bar), the regulations provide that only a high-ranking official within the Department of Justice can take the "final agency action" which makes review under the APA appropriate.

5

relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983). Thus, if the decision is in accordance with the agency's Touhy regulations, then the agency's decision will be upheld. Spence v. NCI Info. Sys., Inc., 530 F.Supp.2d 739, 745 (D.Md. 2008).

The United States' decision to decline to comply with Plaintiffs' subpoena demand was based upon consideration of the regulations governing the Department of Justice for Production or Disclosure of Material or Information in Federal and State Proceedings. 28 C.F.R., Part 16. These are the Touhy regulations which may be found at Title 28 C.F.R. §§ 16.21-29.

These regulations set forth in pertinent part as follows:

> (a) In any federal or state case matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior

6

>     approval of the proper Department official I
>     accordance with §§ 16.24 and 16.25 of this
>     part.

   28 C.F.R. § 16.22(a).

   28 C.F.R. § 16.24 sets forth the procedure in the event of a demand where disclosure is not otherwise authorized, and states in pertinent part that:

>     (a) Whenever a matter is referred under § 16.22 of this part to a U.S. Attorney . . .
>
>     (b) The responsible official, subject to the terms of paragraph (c) of this section, may authorize the appearance and testimony of a present or former Department employee, or the production of material from the Department files if:
>
>         (1) There is no objection after inquiry of the originating component;
>
>         (2) The demanded disclosure, in the judgment of the responsible official, is appropriate under the factors specified in § 16.26(a) of this part; and
>
>         (3) None of the factors specified in § 16.26(b) of this part exists with respect to the demanded disclosure.

   28 C.F.R. § 16.24.

   28 C.F.R. § 16.26 sets forth the considerations in determining whether production or disclosure should be made pursuant to a demand, and states in pertinent part:

>     (b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:
>     . . .

7

> (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection.

In this case, these regulations apply because Plaintiffs' subpoenas target production of material from the FBI and United States Attorney in an action in which the United States is not a party. 28 C.F.R. § 16.22(a). Both are agencies that are a part of the Department of Justice and the subpoenas demand "material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files. . . ." 28 C.F.R. § 16.22(a). The United States Attorney is the responsible approving official for making the determination once the matter is referred to him. 28 C.F.R. § 16.24(a). Two bars to disclosure under the regulations prohibit disclosure. Firstly, the FBI objected to disclosure of the identity of the confidential source because it would violate FBI's policy against outing their confidential sources. 28 C.F.R. § 16.24(b)(1). Secondly, there was at least one 28 C.F.R. § 16.26(b) prohibitive factor against disclosure. 28 C.F.R. § 16.24(b)(3). The prohibitive factor FBI found and objected to was that production of material and disclosure in compliance with the subpoenas would disclose the identity of a confidential source or informant. 28 C.F.R. § 16.26(b)(4). In addition, there was nothing compelling

8

in Plaintiff's request to overcome FBI's aversion to identifying a person as an FBI confidential source or informant.

Plaintiffs assert that they are not seeking to disclose the identity of an unknown informant or to compel testimony or overly broad information. [D.E. 87 at 8-10]. Plaintiffs' assertions are unavailing. To the extent that the subject of subpoenas, or others, have self-disclosed that, he or she was at one time an FBI CS or informant, the United States can neither confirm nor deny this information because doing so would be a violation of governing regulations. In other words, the issue of whether the identification of a particular person is or has been a CS or informant is far from moot as Plaintiffs suggests. [D.E. 87 at 9]. The positive disclosure of the identity of a confidential source by the FBI is an official action that carries with it material consequences beyond the litigation at hand. Accordingly, in consideration of these factors, the FBI objected to disclosure and the United States Attorney, declined to authorize disclosure. 28 C.F.R. § 16.24(b)(1) & (3). Disclosing the identity of the confidential source under these factors would therefore be a violation of the applicable Touhy regulations. 28 C.F.R. § 16.26(b)(4).

Because the decision was made upon a consideration of the Department of Justice Touhy regulations, the decision was not arbitrary, capricious, an abuse of discretion, nor otherwise a

9

violation of applicable law. 5 U.S.C. § 706(1). Using this analysis, the Fourth Circuit has consistently upheld an agency's application of its Touhy regulations in making a decision not to comply with subpoena demands. See Boron Oil, 873 F.2d at 71 (holding that EPA's action to deny employee trial testimony was pursuant to duly promulgated regulations); Smith v. Cromer, 159 F.3d 875, 881 (4th Cir. 1998)(holding that agency action denying to comply with testimony subpoenas were found in Department of Justice Touhy regulations); Williams, 170 F.3d at 434 (holding that defendant in a criminal state murder trial still had to comply with Department of Justice Touhy regulations in issue of production subpoenas); COMSAT CORP., 190 F.3d at 278(holding that sovereign immunity principles apply when a federal court seeks to compel a third party to comply with an arbitrator's subpoena and the decision as to whether to comply is committed to agency discretion).

Accordingly, because the United States' decision to decline to comply with Plaintiffs' subpoenas was in accordance with applicable regulations, the decision was not capricious and arbitrary and the motion to quash should therefore be allowed.

### III. BRADY VIOLATION CLAIM NOT AFFECTED BY THE SCOPE OF PURPORTED CS INVOLVEMENT.

Additionally, Plaintiffs' assertion that denial of the subpoenas affects the Brady claim in the underlying litigation is

10

unfounded. Under Brady, prosecutors in a criminal case are obligated to disclose exculpatory information during discovery prior to trial. Brady v. Maryland, 373 U.S. 83 (1963). Obviously, prosecutors could not have revealed any information about something that had not yet happened. As a means of offering a compromise in the matter before the court, the United States did offer Plaintiffs to write a letter or declaration that stated that the target person in the subpoenas was not an FBI CS during the relevant period – i.e. prior to 1993. Therefore, even if the individual, whose CS activity information is sought in the subpoenas, had at some later time, become a confidential informant or source, that fact would not be relevant to the issue of whether or not the prosecutor in the state murder case violated any duty under Brady.

Plaintiffs also aver in their response that information about a person's FBI CS activity is also critical to "explain" the witness' bias and motive as a witness presently and in testimony in past post-conviction hearings. [D.E. 87 at 11]. This argument too is unavailing and goes no further in articulating a relevance to any anticipated testimony that would somehow override the requirements of the applicable Touhy regulations. Boron Oil, 873 F.2d at 71("[P]roperly promulgated agency regulations implementing federal statutes have the force and effect of federal law[.]").

11

The cases cited by Plaintiffs in support are distinguishable. None of the cases concern a material witness' activity as a CS or informant that was held to be relevant to show bias or motive when that activity was *after* the time the CS testified or provided information. See Monroe v. Angelone, 323 F.3d 286, 315 (4th Cir. 2003)(holding evidence of witness' informant history, of which prosecution had constructive knowledge, prior to testimony at trial threw into doubt Monroe's murder conviction); Robinson v. Mills, 592 F.3d 730, 738 (6th Cir. 2010)(holding a material witness' state-suppressed history as a CI for local authorities in unrelated cases prior to testifying in state murder trial against Robinson was material under Brady); Thomas v. Westbrooks, 849 F.3d 659, 666 (6th Cir. 2017)(holding testifying witness' undisclosed receipt of FBI payment prior to testifying was material to impeaching evidence of pecuniary bias); Benn v. Lambert, 283 F.3d 1040, 1055-56 (9th Cir. 2002)(holding state's not informing defense of witness' prior criminal activity, including providing false claims, and continued drug use would reflect on competence and credibility as a witness); and United States v. Croucher, 532 F.2d 1042, 1045 (5th Cir. 1976)("It is thus clear that appellant's attorney was effectively prevented from inquiring into criminal events in Kirkendall's past which could well have demonstrated the existence of a basis for his giving biased testimony."). Thus, none of the cases cited by Plaintiffs support the proposition that

12

disclosure of post-testimonial FBI CS activity is in any way relevant to a litigation of the issues in their pending lawsuit before this Court to which the United States is not a party.

Accordingly, for the forgoing stated reasons, the United States urges the Court to grant the United States' Motion to Quash Subpoenas.

## CONCLUSION

For the reasons set forth herein and in Respondent's Memorandum of Law in Support of its Motion to Quash Subpoenas, the Court should grant the motion to quash.

Respectfully submitted this 22nd day of September, 2017.

>JOHN STUART BRUCE
>United States Attorney
>
>BY: /s/ Roberto F. Ramirez
>     ROBERTO F. RAMIREZ
>Assistant United States Attorney
>Civil Division
>310 New Bern Avenue
>Suite 800 Federal Building
>Raleigh, NC 27601-1461
>Telephone: (919) 856-4530
>Facsimile: (919) 856-4821
>Email: roberto.ramirez@usdoj.gov
>Texas Bar No. 00784809

CERTIFICATE OF SERVICE

I do hereby certify that I have this 22nd day of September, 2017, served a copy of the foregoing upon the below-listed party electronically and/or by placing a copy in the U.S. Mail, addressed as follows:

Attorneys for Plaintiffs:

    Cindy Tsai
    Loevy & Loevy
    311 North Berdeen Street, Third Floor
    Chicago, IL 60607
    312-243-5900
    Fax: 312-243-5902
    cindy@loevy.com

    Aisha Nicole Davis
    Loevy & Loevy
    311 North Aberdeen Street, Third Floor
    Chicago, IL 60607
    312-243-5900
    Fax: 312-243-5902
    aisha@loevy.com

    Gayle M. Horn
    Loevy & Loevy
    311 North Berdeen Street, Third Floor
    Chicago, IL 60607
    312-243-5900
    Fax: 312-243-5902
    gayle@loevy.com

    Gretchen E. Helfrich
    Loevy & Loevy
    311 North Berdeen Street, Third Floor
    Chicago, IL 60607
    312-243-5900
    Fax: 312-243-5902
    gretchen@loevy.com

    Tara Elizabeth Thompson
    Loevy & Loevy
    311 North Berdeen Street, Third Floor

```
Chicago, IL 60607
312-243-5900
Fax:   312-243-5902
tara@loevy.com

David S. Rudolf
Rudolf, Widenhouse, & Fialko
225 East Worthington Ave.
Suite 200
Charlotte, NC 28203
704-333-9945
Fax:   704-335-0224
dsrudolf@rudolfwidenhouse.com
```

Attorneys for Defendants:

```
Scott C. Hart
Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
Post Office Box 889
416 Pollock Street
New Bern, NC 28563
252-633-3131
Fax: 252-633-3507
shart@nclawyers.com
Attorney for Blake Wallace

David Michael Fothergill
Yates, NcLamb & Weyher, LLP
434 Fayetteville St., Suite 2200
Post Office Box 2889 (Zip 27602-2889)
Raleigh, NC 27601
919-835-0900 x-182
Fax: 919-835-0910
dfothergill@ymwlaw.com
Attorney for Dalton Jones
```

Jennifer D. Maldonado
Yates, NcLamb & Weyher, LLP
434 Fayetteville St., Suite 2200
Post Office Box 2889 (Zip 27602-2889)
Raleigh, NC 27601
919-835-0900 x-182
Fax: 919-835-0910
jmaldonado@ymwlaw.com
Attorney for Dalton Jones


Hal F. Askins
North Carolina Dept. of Justice
114 West Edenton St., 9001 Mail Service Center
PO Box 629
Raleigh, NC 27602-0629
919-716-6725
Fax: 919-716-6552
jaskins@ncdoj.com
Attorney for Bruce Kennedy

Lauren Tally Earnhardt
North Carolina Dept. of Justice
114 West Edenton St., 9001 Mail Service Center
PO Box 629
Raleigh, NC 27602-0629
919-716-6725
Fax: 919-716-6552
jaskins@ncdoj.com
Attorney for Bruce Kennedy


                                          /s/ Roberto F. Ramirez
                                          ROBERTO F. RAMIREZ
                                          Assistant United States Attorney
                                          Civil Division
                                          310 New Bern Avenue
                                          Suite 800 Federal Building
                                          Raleigh, NC 27601-1461
                                          Telephone: (919) 856-4530
                                          Facsimile: (919)856-4821
                                          Email: roberto.ramirez@usdoj.gov
                                          Texas Bar No. 00784809