IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CV-44-FL

| | |
|---|---|
| LARRY LAMB and ERNEST WARREN MATTHEWS,    )<br>)<br>Plaintiffs,    )<br>)<br>v.    )<br>)<br>BLAKE WALLACE in his Official Capacity as Sheriff of Duplin County, DALTON JONES in his Individual and Official Capacities, and WESTERN SURETY COMPANY,    )<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.[1]    ) | TRIAL SCHEDULING ORDER |

This matter is before the court in furtherance of its trial planning, in accordance with parties' joint report filed April 21, 2020. Jury trial of estimated length of 7-10 days hereby is set to commence at New Bern on **January 11, 2021, at 9:00 a.m.**[2] The following deadlines and requirements shall govern pretrial and trial activities:

A.      Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference will be held before the undersigned at the United States Courthouse, New Bern, North Carolina on

---

[1]      The caption of this order constructively has been amended to reflect prior dismissal of former defendants.

[2]      The parties' proposed trial dates have been considered but must be discarded. Address of Covid-19 issues in the context of trial planning generally has resulted in a dense setting of trials, from June into December 2020, and each proposed set of dates is "taken" (September 14-25, criminal trial; September 21-October 2, criminal trial and civil bench trial; October 26-November 6, two civil jury trials).

**December 21, 2020, at 10:00 a.m.** Each party appearing in this action must be represented by the attorney who is to have charge of the conduct of the trial on behalf of such party.

B. Where an evidentiary question or issue relating to admissibility of evidence can be anticipated before the final pretrial conference, motion contemplated by Local Civil Rule 39.1(a) must be filed **December 7, 2020**, thereby permitting sufficient time for any written response in advance of conference.[3] Unless leave of court is given, no replies shall be made for motions in limine. Where, by contrast, the question or issue bearing on admissibility of evidence cannot reasonably be contemplated in advance of the final pretrial conference, any motion in limine must be filed **January 4, 2021**, pursuant to Local Civil Rule 39.1(a).

C. Not later than **December 14, 2020**, counsel must file the parties' proposed pretrial order. See Local Civil Rule 16.1(b). This filing must comply with the form specified in Local Civil Rule 16.1(c). Pursuant to Local Civil Rule 16.1(c)(3), and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed in the pre-trial order are waived unless excused by the court for good cause. The parties must submit at the beginning of the trial copies of all exhibits referenced in the pretrial order. See Local Civil Rule 39.1(b). Simultaneous to filing, counsel also shall submit an electronic copy of said proposed pretrial order to chambers, in WordPerfect or Word format, at the following email address:

        **proposedorders_nced@nced.uscourts.gov**

---

[3] Given the court's specific deadline in case management order for filing motions to exclude testimony of expert witnesses by the deadline for dispositive motions, allowance by this order and the Local Civil Rules for filing of motions in limine in advance of trial does not provide a renewed opportunity in this case to file motions to exclude testimony of expert witnesses, absent showing that issues raised in motions in limine could not have been raised at the time of deadline for filing dispositive motions.

2

Case 7:16-cv-00044-FL   Document 245   Filed 04/29/20   Page 2 of 5

D. Pursuant to Local Civil Rule 83.10(b), if a party has a need for any type of courtroom technology for a hearing or trial, including but not limited to any audio equipment, video equipment, document presentation system, and jury evidentiary recording system, counsel must notify the case manager at 252-638-8534 and request training from the court's information technology staff for the person or persons who will be operating the courtroom technology. Unless excepted by the clerk, no later than seven days before the scheduled proceeding in which such technology is used, counsel must file a certification provided by the court's technology staff that training has been completed. Counsel shall review all related documentation appearing on the court's website, including information concerning formatting of evidentiary DVDs.

E. Not later than **December 14, 2020**, the parties must notice the court whether it will be necessary to rule upon any dispute(s) where video depositions or other deposition excerpts are to be used and the parties have been unable to reach agreement on editing. See Local Civil Rule 16.1(b)(2).

    1. Said notice shall inform of the nature and complexity of the issue(s) concerning including whether it shall be necessary for the court to review lengthy deposition testimony in order to render decision.

    2. In that event, it is unlikely this review will be able to be undertaken during the final pretrial conference, given time limitations, and the parties must present in their notice what is believed to be the most efficient framework for the court's decision making on disputed editing of deposition testimony.

F. Not later than **December 14, 2020**, the parties shall file proposed verdict form. Counsel also shall submit an electronic copy of said proposed verdict form to chambers, in WordPerfect or Word format, at the following email address:

**proposedorders_nced@nced.uscourts.gov.**

G. Not later than **December 14, 2020**, the parties shall file proposed jury instructions. Counsel also shall submit an electronic copy of said proposed jury instructions to chambers, in WordPerfect or Word format, at the following email address:

**proposedorders_nced@nced.uscourts.gov.**

H. Not later than **December 14, 2020**, the parties shall file trial briefs comprised of concise memoranda of authorities on all anticipated evidentiary questions and on all contested issues of law. See Local Rule 39.1.

I. At the final pretrial conference the court will:

1. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

2. Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

3. Rule upon motions in limine related to admissibility of evidence, to the extent possible at the time of pretrial conference. Local Civil Rule 39.1(a).

4. Discuss generally the nature of the parties' proposed jury instructions, to discern areas of agreement and disagreement.

5. Consider the proposed verdict form, together with the parties' proposed pretrial order. Local Civil Rule 16.1(d).

6. Where this conference presents the final opportunity to prevent wasting trial time on pointless or undisputed matters, endeavor to streamline the trial, including but not limited to, where applicable, consideration of: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, and qualification of experts by admitted resumes.

7. Explore once more the opportunities for settlement.

J. At trial, the court will conduct the examination of jurors. Not later than **January 4, 2021**, counsel shall file a list of any voir dire questions counsel desires to ask the jury. Local Civil Rule 47.1(b). Failure to timely file proposed questions will be deemed a waiver of any supplemental inquiry.

K. At trial, a joint statement of the case will be read by the court to the prospective panel of jurors before commencement of voir dire. Counsel shall file a joint statement of the case by no later than **January 4, 2021**. Unless the case is extremely complex, this statement, the purpose of which is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions, should not exceed one paragraph.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 29th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge